UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW BEWLEY and RYAN BEWLEY, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Case No.: 1:23-CV-15570 |
| | ) | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order entered on November 14, 2023, the parties, by their respective counsel, submit the following joint status report.

    **I.**     **Nature of the Case**

    **A.**     **Identify the attorneys of record for each party.**

For Plaintiffs, Dominique Price, Marcos Reilly, and Daniel McGrath

For Defendant, Patricia Bown Holmes, Brian O. Watson, Matthew A. Blumenreich

    **B.**     **State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties.** *See Heinen v. Northrop Grumman Corp.*, **671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.** *See Belleville Catering Co. v. Champaign Market Place LLC*, **350 F.3d 691 (7th Cir. 2003);** *Cosgrove v. Bartolotta*, **150 F.3d 729 (7th Cir. 1998);** *Carden v. Arkoma Assoc.*, **494 U.S. 185 (7th Cir. 1990).**

This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1337 (commerce and antitrust regulation), as this action arises under Section 1 of the Sherman Act, 15 U.S.C. § 1.

    C.    **Briefly describe the nature of the claims asserted in the complaint and the counter-claims and/or third-party claims and/or affirmative defenses.**

Plaintiffs claim that Defendant violated the Illinois Student-Athlete Endorsement Rights Act by declaring Plaintiffs ineligible to compete in intercollegiate athletics. Plaintiffs further claim Defendant's bylaws are unlawful restraints of trade under federal antitrust laws, under Section 1 of the Sherman Act.

Defendant denies the claims and will timely raise any affirmative defenses if, and when, it files an Answer to the Complaint.

    D.    **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Plaintiffs seek injunctive relief reversing Defendant's ineligibility determination, actual damages according to proof at trial, treble damages pursuant to 15 U.S.C. § 15, and attorneys' fees, cost, and expenses.

Defendant denies that Plaintiffs are entitled to injunctive relief and damages.

    E.    **List the names of any parties who have not yet been served.**

None.

**II.**    **Discovery and Pending Motions**

    A.    **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

On November 1, 2023, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. The Court denied Plaintiffs' Motion for Temporary Restraining Order. At the November 14, 2023 hearing, the Court requested that Plaintiffs advise in the Joint Status Report whether Plaintiffs will "proceed with discovery or if you're going to re-file the preliminary injunction motion."

    B.    **What is the current discovery schedule?**

There is no current discovery schedule.

    C.    **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**

No discovery has been conducted to date, and there is no current discovery schedule.

    D.    **Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.).**

The Court denied Plaintiffs' Motion for a Temporary Restraining Order on November 14, 2023 [DE 21].

**III.** **Trial**

    **A.** **Have any of the parties demanded a jury trial?**

    Plaintiffs made a demand for jury trial.

    **B.** **What is the trial date (If any)? If there is a trial date, are the parties prepared to have a trial on an earlier date? If there is no trial date, when will the parties be ready for?**

    No trial date has been set yet.

    **C.** **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**

    No final pretrial order has been filed. There is no current deadline for filing a final pretrial order.

    **D.** **Estimate the number trials days.**

    Plaintiffs estimate 4-5 days. Defendant cannot estimate at this time based on Plaintiffs' improperly pled claims.

**IV.** **Settlement, Referrals, and Consent**

    **A.** **Have any settlement discussions taken place? If so, what is the status?**

    No settlement discussions have taken place.

    **B.** **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

    No.

    **C.** **Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

    No.

    **D.** **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to the procedure?**

    Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties do not unanimously consent to the procedure.

**V.** **Other**

    **A.** **Is there anything else that the plaintiff(s) wants the Court to know?**

    Plaintiffs intend to file a Reply Brief, with supporting evidence, and a Motion to Reconsider the Motion for TRO to be heard on December 14. However, Plaintiffs

request clarification on whether they need to refile their Motion for Preliminary Injunction.

As noted above, the court requested information on whether Plaintiffs will "proceed with discovery or if you're going to re-file the preliminary injunction motion." Conversely, the Court stated that "right now I'm denying the TRO. The preliminary injunction would, I guess, stand…" Accordingly, Plaintiffs request clarification on if it is necessary to refile their Motion for Preliminary Injunction.

B.   **Is there anything else that the defendant(s) wants the Court to know?**

On December 7, 2023, Plaintiffs' counsel informed Defendant's counsel that Plaintiffs intend to file a Reply to the Motion for Temporary Restraining Order and a Motion to Reconsider the Court's denial of the Motion for Temporary Restraining Order. Plaintiffs' counsel also explained that Plaintiffs want to argue the motions on December 14, 2023. Defendant's position is that Plaintiffs should either file a Motion to Reconsider or re-file a Motion for Preliminary Injunction, with Defendant being afforded a reasonable amount of time to file a Response before argument. To date, Plaintiffs have not disclosed any new case law or evidence to support their request for injunctive relief.

Defendant executed a Waiver of the Service of Summons. Accordingly, the deadline to file and serve an answer or a motion under Rule 12 is January 2, 2024. The parties have agreed to a reasonable extension of time until February 1, 2024.

Respectfully Submitted,

Hinshaw & Culbertson LLP

| | |
|---|---|
| By:  */s/Dominique Price* | */s/ Matthew A. Blumenreich* |
|       *Attorney for Plaintiffs* | Patricia Brown Holmes |
| Dominique A. Price | Brian O. Watson |
| Daniel McGrath | Matthew A. Blumenreich |
| Marcos Reilly | RILEY SAFER HOLMES & CANCILA LLP |
| 151 North Franklin Street, Suite 2500 | 70 W. Madison St., Suite 2900 |
| Chicago, IL  60606 | Chicago, Illinois 60602 |
| (312) 704-3000 | (312) 471-8700 (main) |
| Attorney No.: 6315143 | pholmes@rshc-law.com |
| | bwatson@rshc-law.com |
| | mblumenreich@rshc-law.com |
| | docketdept@rshc-law.com |
| | |
| | *Attorneys for National Collegiate Athletic Association* |